1

2

3

4

5                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
6

7

8  MELBA S. MARIN,                    )        3:11-CV-00309-ECR-VPC
                                      )
9        Plaintiff,                   )        **Order**
                                      )
10 vs.                                )
                                      )
11 WELLS FARGO BANK, N.A.; FIRST      )
   AMERICAN TITLE CO-NEVADA; AMERICAN )
12 SECURITIES COMPANY OF NEVADA;      )
   NATIONAL DEFAULT SERVICING         )
13 CORPORATION; WELLS FARGO BANK,     )
   N.A. FKA WELLS FARGO HOME MORTGAGE )
14 INC., F/K/A NORWEST MORTGAGE INC.; )
   LSI TITLE COMPANY - NV; STANLEY S. )
15 SILVA; TICOR TITLE; AZTEC          )
   FORECLOSURE CORPORATION; SRMOF     )
16 2009-1 TRUST; FIRST AMERICAN       )
   TITLE; AUGUSTINE A. JIMENEZ; and   )
17 DOES 1-25 CORPORATIONS, DOES and   )
   ROES 1-25 Individuals,             )
18 Partnerships, or anyone claiming   )
   any interest to the property       )
19 described in the action,           )
                                      )
20       Defendants.                  )
                                      )
21 _____    )

22

        Plaintiff is a homeowner who alleges that she is the victim of
23
a predatory lending scheme perpetrated by Defendants.  Plaintiff
24
asserts the following claims for relief: (1) Debt Collection
25
Violations; (2) Violation of Unfair and Deceptive Trade Practice
26
Act; (3) Violation of Unfair Lending Practices; (4) Violation of the
27
Covenant of Good Faith and Fair Dealing; (5) Violation of NRS
28

107.080 et seq.; (6) Quiet Title Action; (7) Fraud in the Inducement and Through Omission; (8) Slander of Title; (9) Abuse of Process. Now pending is Defendant LSI Title Company's ("LSI") Motion to Dismiss (#8) for failure to state a claim and Defendant Aztec Foreclosure Corporation's ("Aztec") Joinder (#13) to LSI's Motion to Dismiss (#8).

## I. Factual Background

Plaintiff took out a loan in the amount of $422,000.00 (the "first loan") memorialized by a deed of trust dated July 10, 2007 (the "first deed of trust"), naming Defendant Wells Fargo Bank, N.A. ("Wells Fargo") as Lender and Beneficiary, and Defendant First American Title Co-Nevada ("First American") as Trustee with respect to the real property located at 4260 Desert Highlands Drive, Sparks, Nevada, 89436.  (Compl. at ¶¶ 3-5 (#1-3).)  First American Lenders Advantage recorded the first deed of trust on August 1, 2007 as Document No. 3561098.  (Id. at ¶ 4.)  Plaintiff later took out a second loan in the amount of $27,600.00 memorialized by a second deed of trust dated October 10, 2007, naming Wells Fargo as the Lender and Beneficiary, and Defendant American Securities Company of Nevada ("American Securities") as Trustee.  (Id. at ¶ 6-7.)  Wells Fargo recorded the second deed of trust on November 27, 2007 as Document No. 3597377.  (Id. at ¶ 7.)

Defendant National Default Servicing Corporation ("NDSC"), as agent for Wells Fargo, executed a Notice of Default/Election to Sell under the first deed of trust, signed by Defendant Stanley S. Silva

2

("Silva") and recorded by Defendant Ticor Title ("Ticor") on December 11, 2009 as Document No. 3829579.  (<u>Id.</u> at ¶ 9.)  On April 28, 2010, Defendant NDSC executed a Notice of Trustee's Sale setting a sale date for May 21, 2010.  (<u>Id.</u> at ¶ 11.)  The Notice of Trustee's Sale was recorded by LSI on April 30, 2010 as Document No. 3877054.  (<u>Id.</u>)

## II. Procedural Background

On March 8, 2011, Plaintiff filed a complaint (#1-3) in the Second Judicial District Court of the State of Nevada in and for the County of Washoe.  On May 2, 2011, Defendant Wells Fargo filed a petition for removal (#1) to this Court.

On May 19, 2011, Defendant LSI filed an answer (#7) to the complaint (#1-3) and a Motion to Dismiss (#8) for failure to state a claim upon which relief can be granted.  Defendant Aztec filed a Joinder (#13) to LSI's Motion to Dismiss (#8) on May 25, 2011.  On June 2, 2011, Plaintiff responded (#14) to LSI's Motion to Dismiss (#8).  There was no reply.

On June 9, 2011, we issued an Order (#16) consolidating this case with <u>Melba Marin v. Wells Fargo Bank, et al.</u>, No. 3:11-cv-00286-ECR-VPC per the parties' stipulation.  On June 26, 2011, the related case was dismissed with prejudice per the parties' stipulation.

3

1

### III. Legal Standard

2     Courts engage in a two-step analysis in ruling on a motion to
3 dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp.
4 v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-
5 conclusory allegations as true. Iqbal, 129 S. Ct. at 1949.
6 "Threadbare recitals of the elements of a cause of action, supported
7 by mere conclusory statements, do not suffice." Id. (citing Twombly,
8 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more
9 than an unadorned, the-defendant-unlawfully-harmed-me accusation."
10 Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of
11 discovery for a plaintiff armed with nothing more than conclusions."
12 Id. at 1950.  The Court must draw all reasonable inferences in favor
13 of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d
14 943, 949 (9th Cir. 2009).

15     After accepting as true all non-conclusory allegations and
16 drawing all reasonable inferences in favor of the plaintiff, the
17 Court must then determine whether the complaint "states a plausible
18 claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550
19 U.S. at 555).  "A claim has facial plausibility when the plaintiff
20 pleads factual content that allows the court to draw the reasonable
21 inference that the defendant is liable for the misconduct alleged."
22 Id. at 1949 (citing Twombly, 550 U.S. at 556).  This plausibility
23 standard "is not akin to a 'probability requirement,' but it asks
24 for more than a sheer possibility that a defendant has acted
25 unlawfully." Id.  A complaint that "pleads facts that are 'merely
26 consistent with' a defendant's liability...'stops short of the line

27

28                                    4

between possibility and plausibility of 'entitlement to relief.'"
Id. (quoting Twombly, 550 U.S. at 557).

### IV. Discussion

Defendant LSI filed a Motion to Dismiss (#8) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant Aztec joined (#13).

**A. Debt Collection Violations**

Plaintiff's first claim that Defendants' initiation of non-judicial foreclosure of the property at issue violates the federal Fair Debt Collection Practices Act ("FDCPA") as incorporated into Nevada Revised Statutes § 649.370 fails as a matter of law.  At the threshold, Plaintiff must establish that Defendants are debt collectors within the meaning of the FDCPA.  The FDCPA defines "debt collectors" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. Or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  This definition specifically excludes any person who collects debts "to the extent such activity . . . (ii) concerns debt which was originated by such person; [or] (iii) concerns a debt which is not in default at the time it is obtained by such person."  15 U.S.C. § 1692a(6)(F).

1    Foreclosure pursuant to a deed of trust does not constitute
2  debt collection under the FDCPA.  Fitzgerald v. Clarion Mortg.
3  Capital, No. 3:10-cv-766, 2011 WL 2633502 at *5 (D. Nev. July 5,
4  2011) (citing Camacho-Villa v. Great W. Home Loans, No. 3:10-CV-210,
5  2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); see also Izenberg
6  v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); Hulse v.
7  Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).
8  Moreover, liability under Chapter 649 of the Nevada Revised Statutes
9  ("NRS") is premised on liability under the FDCPA.  NEV. REV. STAT. §
10 649.370.  Because Plaintiff's FDCPA claim fails as a matter of law,
11 any claim made pursuant to Nevada law must also fail.  Thus, this
12 Court dismisses Plaintiff's first claim for debt collection
13 violations.  Furthermore, because the Court finds that amendment
14 would be futile, Plaintiff will be denied leave to amend.
15 **B. Violation of Unfair and Deceptive Trade Practice Act**
16    Plaintiff's second claim for violation of Nevada's Unfair and
17 Deceptive Trade Practice Act, NRS § 598.0923, also fails as a matter
18 of law and verges on frivolity.  According to the statute, a person
19 engages in deceptive trade practices when, in the course of his or
20 her business or occupation he or she knowingly conducts the business
21 or occupation without all required state, county, or city licenses.
22 NEV. REV. STAT. § 598.0923(1).  However, the statutes make explicit
23 that the following activities do not constitute "doing business" in
24 the State of Nevada: (1) maintaining, defending or settling any
25 proceeding; (2) creating or acquiring indebtedness, mortgages, and
26 security interests in real or personal property; and (3) securing or
27
28                                   6

collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempted from acquiring licenses in this mortgage foreclosure case, the Court dismisses Plaintiff's second cause of action. Furthermore, this claim will be dismissed with prejudice because the Court finds that amendment would be futile.

**C. Unfair Lending Practices**

Plaintiff's third claim for violation of Nevada's Unfair Lending Practices Act, NRS § 598D.100, is time-barred. The statute of limitations for "[a]n action upon a liability created by statute" is three years. NEV. REV. STAT. § 11.190 (3)(a). Plaintiff obtained the first and second loans in 2007 and filed the complaint (#1-3) in 2011. Plaintiff's claim for unfair lending practices is therefore untimely and must be dismissed with prejudice as amendment would be futile.

**D. Violation of the Covenant of Good Faith and Fair Dealing**

Plaintiff's fourth claim also fails. Pursuant to Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991). To prevail on a cause of action for breach of the implied covenant of good

7

faith and fair dealing, a plaintiff must show: (i) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified expectations were denied.  Fitzgerald, 2011 WL 2633502 at *6 (citing Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995)).

Plaintiff makes undifferentiated claims that all Defendants breached the implied covenant by "luring" Plaintiff into the loan, collecting on the loan, sending Plaintiff notices related to the loan, and qualifying her for the loan. (Compl. ¶ 91 (#1-3).) Plaintiff further alleges that Defendants breached the covenant when they "offered the Plaintiff consideration for loan modifications, told her that the foreclosures would be postponed but they were not." (Id. at ¶ 92.)  Plaintiff has failed, however, to allege a single fact that would establish that the manner in which Defendants complied with the contracts at issue contravened the intention or spirit of the contracts.  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing will therefore be dismissed.

**E. Violation of NRS § 107.080 et seq.**

Plaintiff's claim that the foreclosure on her home is wrongful rests primarily on the argument that Defendants have no right to foreclose upon the property because they have not produced the original note to prove the identity of the real party in interest. (See id. at ¶¶ 100-04.)  Plaintiff also alleges that her obligations

8

1  under the notes and deeds of trust were discharged when the notes

2  were securitized.  (Id. at ¶¶ 105-11.)

3      An action for the tort of wrongful foreclosure will lie only

4  "if the trustor or mortgagor can establish that at the time the

5  power of sale was exercised or the foreclosure occurred, no breach

6  of condition or failure of performance existed on the mortgagor's or

7  trustor's part which would have authorized the foreclosure or

8  exercise of the power of sale." Collins v. Union Fed. Sav. & Loan

9  Ass'n, 662 P.2d 610, 623 (Nev. 1983); see also Cole v. CIT

10 Grp./Consumer Fin., Inc., No. 53561, 2010 WL 5134999, at *1 (Nev.

11 Dec. 9, 2010) ("[A] viable wrongful foreclosure claim requires that

12 [Plaintiff] demonstrate that he had not breached his obligations

13 under the notes when the foreclosure proceedings were instituted.").

14 Plaintiff has failed to allege that she is not in breach of the loan

15 agreements.  As such, Plaintiff has failed to state a claim for

16 wrongful foreclosure.

17 **F. Quiet Title**

18     In Nevada, a quiet title action maybe brought "by any person

19 against another who claims an . . . interest in real property,

20 adverse to the person bringing the action, for the purpose of

21 determining such adverse claim." Nev. Rev. Stat. § 40.010.  "In a

22 quiet title action, the burden of proof rests with the plaintiff to

23 prove good title in himself. Breliant v. Preferred Equities Corp.,

24 918 P.2d 314, 318 (Nev. 1996).  "Additionally, an action to quiet

25 title requires a plaintiff to allege that she has paid any debt owed

26 on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-CV-

27

28                                    9

0084, 2011 WL 4574388, at *3 (D. Nev. Sept. 30, 2011) (citing
<u>Ferguson v. Avelo Mortg., LLC</u>, No. B223447, 2011 WL 2139143, at *2
(Cal. App. 2d June 1, 2011)).  Here, Plaintiff has failed to allege
that she is not in breach of the loan agreement and has alleged no
facts demonstrating good title in herself  In fact, Plaintiff admits
that she encumbered the property.  (Compl. ¶¶ 3-7 (#1-3).)
Accordingly, the quiet title claim must be dismissed.  Furthermore,
this claim will be dismissed with prejudice because the Court finds
that amendment would be futile.

**G. Fraud in the Inducement and Through Omission**

     In order to state a claim for fraud in the inducement, a
plaintiff must show that the defendant knowingly made a false
representation with the intent to induce the plaintiff to consent to
the contract's formation.  <u>J.A. Jones Constr. Co. v. Lehrer McGovern
Bovis, Inc.</u>, 89 P.3d 1009, 1017 (Nev. 2004).  "In alleging fraud or
mistake, a party must state with particularity the circumstances
constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  In order to
meet the heightened pleading requirements, a plaintiff must specify
the time, place, and content of the misrepresentation as well as the
names of the parties involved.  <u>See Yourish v. Cal. Amplifier</u>, 191
F.3d 983, 993 n. 10 (9th Cir. 1999).  In a case with multiple
defendants, "Rule 9(b) does not allow a complaint to merely lump
multiple defendants together but requires plaintiffs to
differentiate their allegations when suing more than one defendant
and inform each defendant separately of the allegations surrounding
his alleged participation in the fraud."  <u>Swartz v. KPMG LLP</u>, 476

10

F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff's claims fail to satisfy the heightened pleading standard of Rule 9(b).  Plaintiff's allegations in support of these claims are vague and entirely conclusory.  For this reason, Plaintiffs' claim for fraud in the inducement must be dismissed.

Under Nevada law, a claim for fraudulent concealment must plead that defendant concealed or suppressed a material fact that he or she was under a duty to disclose to the plaintiff.  Nev. Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction 9.03).  Like many of Plaintiff's claims, this claim fails on its face because it is well-settled that lenders and servicers owe no fiduciary duties to mortgage borrowers.  Megino v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007)); see also Kwok v. Recontrust Co., No. 2:09-cv-02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); Saniel v. Recontrust Co., No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev. June 23, 2010); Renteria v. United States, 452 F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); Oaks Mgmt. Corp. v. Superior Court of San Diego Cty., 51 Cal. Rptr. 3d 561, 570 (Cal. Ct. App. 2006).

11

1    Plaintiff's allegations in support of these claims are vague
2  and conclusory, asserting only that Defendants failed to disclose
3  certain facts about the inner workings of the mortgage industry,
4  that Plaintiffs were not qualified for the loans, and that
5  Defendants had no right to foreclose on the property.  Moreover,
6  Plaintiff cannot show that Defendants owed Plaintiff a duty to
7  disclose these alleged facts.  For this reason, Plaintiff's claim
8  for fraud through omission must be dismissed with prejudice as
9  amendment would be futile.

10 **H. Slander of Title**

11    As her eighth claim for relief, Plaintiff alleges that
12 Defendants slandered Plaintiff's title by recording the Notice of
13 Default.  To succeed on a slander of title claim, a plaintiff must
14 show "false and malicious communications, disparaging to one's title
15 in land, and causing special damages."  Exec. Mgmt., Ltd. v. Ticor
16 Title Co., 963 P.2d 465, 478 (Nev. 1998).  However, Plaintiff has
17 failed to state a claim because it is undisputed that Plaintiff is
18 in default.  See Sexton v. IndyMac Bank FSB, No. 3:11-cv-437, 2011
19 WL 4809640, at *5 (D. Nev. Oct. 7, 2011) ("Plaintiffs have failed to
20 state a claim because it is undisputed that Plaintiffs are in
21 default."); Ramos v. Mortg. Elec. Registrations Sys., Inc., No.
22 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009)
23 (dismissing slander of title claim where Plaintiffs failed to
24 dispute that they were in default on their loan, nor was it false
25 that the property was to be sold at a trustee's sale).  In filing
26 the Notice of Default, Defendants stated that Plaintiff was in
27
28                                    12

1 breach of the loan agreement due to nonpayment. Again, Plaintiff
2 does not dispute that she is, in fact, in default. Because the
3 statement is not false, Defendants cannot be liable for slander of
4 title. Furthermore, this claim must be dismissed with prejudice
5 because leave to amend would be futile.

6 **I. Abuse of Process**

7    Plaintiff's claim for abuse of process fails because non-
8 judicial foreclosure is not the type of "process" addressed by the
9 abuse of process tort as, by definition, it does not involve
10 judicial action. <u>Riley v. Greenpoint Mortg. Funding, Inc.</u>, No.
11 2:10-cv-1873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); <u>see also</u>
12 <u>Barlow v. BNC Mortg., Inc.</u>, No. 3:11-CV-0304, 2011 WL 4402955 at *4
13 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is
14 a non-judicial foreclosure which is not the characteristic legal
15 action contemplated by an abuse of process claim . . . Therefore,
16 the court finds that [Plaintiff] has failed to state a claim for
17 abuse of process.") (citation omitted). Accordingly, Plaintiff's
18 abuse of process claim must be dismissed with prejudice.

19 **J. Leave to Amend**

20    Pursuant to Federal Rule of Civil Procedure 15(a), leave to
21 amend is to be "freely given when justice so requires." In general,
22 amendment should be allowed with "extreme liberality." <u>Owens v.</u>
23 <u>Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708 712 (9th Cir. 2001)
24 (quoting <u>Morongo Band of Missions Indians v. Rose</u>, 893 F.2d 1074,
25 1079 (9th Cir. 1990)). If factors such as undue delay, bad faith,
26 dilatory motive, undue prejudice, or futility of amendment are
27
28                                    13

1   present, leave to amend may properly be denied in the district

2   court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

3   1048, 1051-52 (9th Cir. 2003).  Because the Court finds that

4   amendment with regard to Plaintiff's first, second, third, eight,

5   and ninth claims, and the portion of the seventh claim relating to

6   fraud in the inducement of action would prove futile, leave to amend

7   these claims will be denied.

8        However, in light of the liberal spirit of Rule 15(a),

9   Plaintiffs should have an opportunity to amend their complaint with

10  regard to her fourth, fifth, and sixth claims, and the portion of

11  the seventh claim regarding fraud through omission.  There is no

12  reason why Plaintiffs could not cure some of the deficiencies we

13  have noted here, such as the conclusory and vague allegations

14  against undifferentiated defendants.  Should Plaintiff choose to do

15  so, however, she shall plead facts, as opposed to legal conclusions.

16  If the amended complaint is similarly deficient, we will be forced

17  to conclude that leave to further amend would be futile.

18

19                          **V. Conclusion**

20       Plaintiff's claims fail on their face and the majority must be

21  dismissed with prejudice.  However, Plaintiff will have a chance to

22  amend the complaint in light of the liberal spirit of Federal Rule

23  of Civil Procedure 15.

24

25       **IT IS, THEREFORE, HEREBY ORDERED** that Defendants LSI's and

26  Aztec's Motions to Dismiss (## 8, 13) are **GRANTED**.

27

28                              14

1   **IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14)
2   days within which to file an amended complaint pursuant to the
3   provisions of this Order.

4

5

6   DATED: February 8, 2012.

7                                               *Edward C. Reed.*
8                                    _____
                                     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                           15